**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4385**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARSHALL ISIAH GRADY,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (4:24-cr-00064-FL-1)

───────────

Submitted: June 30, 2026                        Decided: August 7, 2026

───────────

Before KING, GREGORY, and RICHARDSON, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jake D. Pugh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marshall Isiah Grady pled guilty, pursuant to a plea agreement, to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced Grady to an aggregate 120-month sentence to be followed by five years' supervised release.  On appeal, Grady asserts that the district court violated *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), when it ordered, in the written criminal judgment, that he be required to submit to warrantless searches "'*at any time*'" because he argues that "the district court orally ordered [him] to submit only to daytime warrantless searches." (Appellant's Br. (ECF No. 16) at 8).  Finding no error, we affirm.

"[A] district court [must] orally pronounce all discretionary conditions of supervised release at the sentencing hearing." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024).  Indeed, "[d]iscretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* (internal quotation marks omitted).  "[A] material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may [also] constitute *Rogers* error." *Id.* (internal quotation marks omitted).  That said, a written condition which merely clarifies, explains, or spells out the details of the orally pronounced condition is not necessarily inconsistent. *See id.*

We review "the consistency of [the] oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an

2

error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (internal quotation marks omitted). After conducting our review, we conclude that there is no material discrepancy between the warrantless search condition the district court imposed at Grady's sentencing, and the warrantless search condition the court included in Grady's written criminal judgment.

In imposing the conditions of Grady's supervised release, the district court orally announced—in relevant part—that Grady would be required to "submit to a search, with or without a warrant, by any law enforcement or probation officer, of your person, your property, your house, your residence, your vehicle, and the effects thereof if there's a reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by you." (J.A. 135). Thus, when the district court imposed the challenged search condition at sentencing, the court included no restriction as to what time of day law enforcement could conduct a search.

We therefore conclude that the court's later inclusion of the words "at any time" does not conflict with the orally pronounced condition. Nor does it "outlin[e] an additional obligation" on Grady. *Mathis*, 103 F.4th at 198; *see also id.* at 197 (recognizing that, in some situations, a court may orally impose a condition and then merely "describe[] it differently in the written judgment"). In the very least, even if the district court's oral pronouncement of the warrantless search condition was somewhat ambiguous as to time, we find that the written judgment permissibly clarified the condition. *Id.* at 197; *see also United States v. Aborisade*, 163 F.4th 856, 866 (4th Cir. 2026) (explaining that an inconsistency between an oral pronouncement of a discretionary supervised release

3

condition and the same condition contained in the written judgment does not warrant resentencing if "the difference in the written judgment simply 'clarifie[s]' an 'otherwise vague oral pronouncement'" (quoting *Rogers*, 961 F.3d at 299)).

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4